POPE, APPELLANT, *v.* ALEXANDER ET AL., RESPONDENTS.

(No. 2,365.)

(Submitted May 21, 1907. Decided October 28, 1907.)

[92 Pac. 203.]

*Public Highways—Establishment by Prescription—Evidence—
Sufficiency—Findings—Record—Appeal—Scope of Review in
Equity Cases.*

Public Highways—By Prescription—Evidence—Sufficiency—Review.
  1.   In an action to quiet title to a portion of a city lot, evidence re-
viewed and *held* not to so clearly preponderate against a finding of an
adverse use by the public for the full statutory period as not to support
a conclusion that the strip had become a public highway by prescription,
and for that and the further reason that plaintiff had never at any time,
until shortly before bringing his action, attempted to obstruct travel over
or assert ownership of, the strip, the finding of the trial court will not
be disturbed on appeal.   (See, also, Opinion on Motion for Rehearing.)

Same—Appeal—Record—Evidence—Review.
  2.   Where in the record on appeal, in an action to quiet title to a por-
tion of a city lot, claimed by defendants to have been dedicated for
street purposes, substantial portions of the evidence were unintelligible
by reason of the witnesses, when referring to certain points upon plats
before them, indicating them by the use of the words "here" and
"there," without identification by means of marks or letters, thus
making it impossible for the appellate court on a review of the evidence
to understand the full purport of their statements, a finding that the
strip of land in controversy had become a public highway by prescrip-
tion will not be said to be contrary to the weight of the evidence.
(See, also, Opinion on Motion for Rehearing.)

Same—Prescription—Findings—Evidence—Sufficiency.
  3.   While the evidence of a party seeking to establish a public highway
by prescription, without color of title, by proof of travel over it for
the statutory period, must clearly and convincingly show a use of the
identical strip of land over which the right is claimed, and travel gen-
erally over an unInclosed lot of ground is not sufficient, yet where the
evidence tended to show a definite line of travel over such land for a
period of twenty-three years, and where the party asserting ownership
knew of the conditions existing, but did not attempt to interfere with or
question the right acquired by such use, a finding of adverse use for
the statutory period will not be overturned on appeal.   (See, also,
Opinion on Motion for Rehearing.)

Same—Findings—Evidence—Harmless Error.
  4.   The correctness of a finding of adverse use of a portion of a city
lot for a sufficient length of time to establish a street by prescription
is not affected by an alleged error of the court in making a finding upon
the subject of dedication based on incompetent evidence.

Appeal—Equity Cases—Scope of Review.
  5.   (On Motion for Rehearing.)   While in equity cases the supreme
court, under amended section 21, Code of Civil Procedure, (Laws 1903,
Second Extra. Session, p. 7), is required "to review all questions of fact
arising upon the evidence presented in the record * * * and determine

the same,'' the review may go no further than to determine whether there is a decided preponderance in the evidence against the findings of the trial court, and it will not undertake to try a cause and determine it as does the district court.

Appeal—Record—Findings—Evidence—Sufficiency—Presumptions.

6. (On Motion for Rehearing.) Where much of the testimony presented for review, in an action wherein it was sought to establish a street by prescription, was unintelligible by failure of counsel to have witnesses designate by some mode of identification certain points upon maps introduced in evidence, the presumption must obtain that the testimony, thus rendered unintelligible on review, was understood by the court making it as lending support to its finding in favor of the issue.

*Appeal from District Court, Lewis and Clark County; Henry C. Smith, Judge.*

ACTION by John D. Pope against Samuel Alexander and others to quiet title to portion of a city lot. From a judgment for defendants and from an order denying him a new trial, plaintiff appeals. Affirmed.

*Messrs. Word & Word,* for Appellant.

A description in a deed which has neither a place of beginning nor a place of ending is void, and the deed passes no title to the premises in controversy. (*Mann* v. *Taylor,* 4 Jones, 272, 69 Am. Dec. 750; *Brandon* v. *Leddy,* 67 Cal. 43, 7 Pac. 33; *Holme* v. *Strautman,* 35 Mo. 293; *Carter* v. *Barns,* 26 Ill. 445; *Wilson* v. *Johnson,* 145 Ind. 40, 38 N. E. 38, 43 N. E. 930; *Wilson* v. *Inloes,* 6 Gill (Md.), 121; *Bailey* v. *White,* 41 N. H. 337; *Kea* v. *Robertson,* 40 N. H. 373; *Howard* v. *North,* 5 Tex. 290, 51 Am. Dec. 769; *Baker* v. *Southern Ry.,* 125 N. C. 596, 74 Am. St. Rep. 658, 34 S. E. 701; Devlin on Deeds, sec. 1010 et seq.; 13 Cyc. 543, notes 31, 32; 3 Washburn on Real Property, 5th ed., pp. 400, 405.) The ambiguity in the description of the prop· erty in question is a patent ambiguity (Wigmore on Evidence, sec. 2407); one which parol evidence is not admissible to explain or remove. If the person named in a deed does not exist, the instrument is inoperative. (*Harriman* v. *Southman,* 16 Ind. 190; *Lillard* v. *Rucker,* 17 Tenn. 64; *United States* v. *Southern Colo. etc. Coal etc. Co.,* 18 Fed. 273, 5 McCrary, 563; *Barr* v. *Schroeder,* 32 Cal. 619.)

No one except the owner of an unlimited estate or an estate in fee simple can make a dedication of land. (13 Cyc. 442, and cases cited; *Gridley* v. *Hopkins*, 84 Ill. 530; *Town of Mt. Vernon* v. *Young*, 124 Iowa, 517, 100 N. W. 694; *Culmer* v. *Salt Lake City*, 27 Utah, 252, 75 Pac. 620; *Coburn* v.. *San Mateo*, 75 Fed. 520; *Lewis* v. *Portland*, 25 Or. 133, 42 Am. St. Rep. 772, 35 Pac. 256, 22 L. R. A. 736; *McShane* v. *City of Moberly*, 79 Mo. 43; *Ward* v. *Davis*, 3 Sandf. (N. Y.) 513.) "In order to constitute a valid dedication, there must be an intention on the part of the owner to devote his property to the public use, and the intention must be clear and unequivocally manifested." (13 Cyc. 452; *Hartford* v. *Railway Co.*, 59 Conn. 250, 22 Atl. 37; *Fisk* v. *Havana*, 88 Ill. 208; *Lewis* v. *Portland*, 25 Or. 133, 42 Am. St. Rep. 772, 35 Pac. 256, 22 L. R. A. 736; *State* v. *Trask*, 6 Vt. 355, 27 Am. Dec. 554; *Coburn* v. *San Mateo County*, 75 Fed. 520; *Kansas City & O. Ry. Co.* v. *State*, (Neb.), 105 N. W. 713.)

A right of way by prescription or adverse use cannot be acquired over open prairie lands over which anyone could pass. (*Coburn* v. *San Mateo Co.*, 75 Fed. 532; *Warren* v. *Jacksonville*, 15 Ill. 236, 58 Am. Dec. 610; *State* v. *Horn*, 35 Kan. 717, 12 Pac. 148; *Town* v. *McClintock*, 150 Ill. 133, 36 N. E. 976; *Rose* v. *City of Farmington*, 196 Ill. 226, 63 N. E. 631; *Watson* v. *Board of County Commissioners*, 38 Wash. 662, 80 Pac. 201; *Engle* v. *Hunt*, 50 Neb. 358, 69 N. W. 970; *Gulf Ry. Co.* v. *Montgomery*, 85 Tex. 64, 19 S. W. 1015.)

*Messrs. Wallace & Donnelly*, for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to quiet the title to a parcel of land described as the south 47 feet of lot 3, in block 1 of. the Shaw addition to the city of Helena, Lewis and Clark county, and all that portion of lot 4, in the same block of said addition, lying between lot 3 and the north boundary line of the original

Helena townsite, according to the McIntyre survey of said townsite.

The complaint contains the usual allegations of ownership, right of possession, etc., in plaintiff, and of an adverse claim by the defendants, which is declared to be without foundation, and concludes with a prayer for a decree quieting plaintiff's title. The defendants deny that plaintiff is the owner or entitled to the possession of any of the land in controversy. They deny any claim to, or interest in, lot 3, or any portion thereof. They deny that there is any such lot in block 1 as that designated as lot 4 in the plat of the Shaw addition, or that the plaintiff or his predecessors in interest ever owned, or claimed to own, any such lot or parcel of ground prior to the platting of said addition. They allege that at the time the said addition was platted the predecessors of plaintiff wrongfully and unlawfully appropriated a certain alley or roadway, which had theretofore been dedicated for such use by the owners thereof and for many years had been used and enjoyed as such by the public, and included the same in said plat as a part thereof designated as lot 4. They further allege that for more than twenty-five years prior to the bringing of this action the portion of lot 4 in controversy had been used generally by the public, and particularly by the defendants, as an alley or roadway, openly, continuously, uninterruptedly, exclusively and adversely to the claim or claims of all persons whomsoever, and particularly the plaintiff, and they plead and rely upon the statute of limitations (Code Civ. Proc., secs. 483, 484, 487-489, 490) applicable to actions for the recovery of lands. The answer concludes with a prayer that plaintiff be adjudged to have no title or interest in the strip alleged to be an alley or roadway, and that he be enjoined from asserting any claim thereto. The plaintiff by replication put in issue all these affirmative allegations.

The issues, thus framed, were submitted to a jury, which made special findings in favor of the defendants, except as to adverse use. Upon this issue the finding was for plaintiff. The latter finding the court set aside and found for defendants and

directed judgment to be entered accordingly. The plaintiff has appealed from the judgment and an order denying a new trial.

The controversy of the parties is made clear by an inspection of the accompanying plat. The open space on the south margin

represents Lawrence street in the original townsite of Helena. The defendants own and occupy lots 2, 3, 4 and 5 of block 382. These lots were originally bounded on the north by the north boundary of the Helena townsite, as indicated on the plat, but now extend back to the line marked "Fence"; the defendants having each acquired title to the portion of the ground immediately north of his lot extending back to that line, and designated as lot 4. When and how this was effected is not of importance. It appears from the evidence, however, that there has been at some time since the establishment of the Helena townsite a difference of opinion as to the position of its north boundary; some of the surveyors placing it as marked, but the McIntyre survey putting it on the line marked "Fence." The space to the south of the curved line marked "Wall" belongs to lots 6 and 7. These matters are referred to only for the purpose of making clear the condition of the boundaries as they now exist. The space to the east of Harrison avenue, between the public school grounds and the fence line, is an open alley, about which there is no dispute. While the defendants contend that this alleyway extends on through the Shaw addition to its western boundary far beyond the alley running north and

south, the controversy here is over the strip running from Harrison avenue west to this alley, as has heretofore been stated. This is about sixteen feet in width.

The plaintiff contends, first, that there is no substantial evidence tending to show a dedication of this strip of land by any predecessor of his, for that it does not appear that the predecessor by whom it was sought to show a dedication ever was the owner of it. Incidentally, he also contends that the court erred in admitting in evidence two deeds in the deraignment of his title, made by defendants, whereby it was sought to show a dedication by one of his predecessors, and tending to estop him. A second contention is that there is no substantial evidence tending to show such an adverse use by the public as to support the conclusion that the strip has become a public highway by prescription.

We shall not undertake to determine whether the first contention should be sustained. We are inclined to the view that the court should have excluded the two deeds mentioned. This would have left the defendants with no substantial evidence tending to show that the plaintiff was estopped by a dedication by one of his predecessors. But even if we should reach the conclusion that the deeds should have been excluded, and that the other evidence in the record on this branch of the case furnishes no substantial support for the finding of a dedication, we do not think we should disturb the finding of adverse use, for while the evidence on this issue is not entirely clear or as satisfactory as it might be, there is substantial foundation in it to support the finding that there was, for the full period of the statute, prior to 1895, a well-defined line of travel, by such portion of the public as had occasion to use it, over the strip from Harrison avenue to the point where it joins the north and south alley running through block 1, including the defendants who used it for the delivery of supplies to their respective residences. Some of the witnesses testified that the travel over the strip during the years from 1872 to 1895 was in a direct line due east and west with the alley to the east of Harrison avenue, and that

at the time of the trial the evidences of it were still upon the ground, clearly marked, immediately north of the fence in rear of defendants' property. They further testified that during the years up to 1895, when some excavation was made by the city along Harrison avenue, leaving a bank to the east of this strip that temporarily interrupted travel over it, this opening furnished the only line of travel toward the west in that locality. This evidence finds corroboration in the fact, which is not controverted, that the strip to the east of Harrison avenue, and south of the public school grounds, is a public highway and has always been used as such since the townsite of Helena was first platted, and that the fence to the west of lots 1, 2, and 3 has never inclosed the strip so as to prevent travel over it.

Further, the evidence tends strongly to show that the plaintiff never at any time, until shortly prior to the bringing of this action in 1904, attempted to obstruct this travel over or assert ownership of the strip. This evidence is controverted by the plaintiff, but we cannot say that the conclusion of the court is manifestly against the weight of the evidence as a whole. For this reason we do not think that this court should interfere with the finding of the district court. (*Bordeaux* v. *Bordeaux*, 32 Mont. 159, 80 Pac. 6; *Finlen* v. *Heinze*, 32 Mont. 354, 80 Pac. 918.) We are more disinclined to reach the contrary conclusion because of the condition of the record before us. It purports to contain all of the evidence, and it does, so far as it is a transcript of the documents introduced and the statements of the witnesses. Yet, substantial portions of the statements of some of the witnesses are unintelligible, for the reason that they repeatedly refer to points upon the maps and plats introduced, by merely indicating them to the jury by the use of the words "here," "there," etc., without identifying them by marks or letters. Under these conditions, it is impossible to understand the full purport of these statements, and to undertake to say that the trial court did or did not assign to them

proper force and significance would be to a large extent pure conjecture.

We agree with counsel that where, as in this case, it is sought to establish a public highway by prescription, without color of title, by proof of travel over it for the statutory period, the testimony must definitely show a use of the identical strip of land over which the right is claimed, and that travel generally over an uninclosed lot or parcel of ground is not sufficient to establish any right. This rule has been recognized by this court (*State* v. *Auchard,* 22 Mont. 14, 55 Pac. 361; *Montana Ore Pur. Co.* v. *Butte & Boston Con. C. & S. Min. Co.,* 25 Mont. 427, 65 Pac. 420), and is recognized by the courts generally (14 Cyc. 1156; Elliott on Roads and Streets, sec. 176). The evidence tends to show that a definite line of travel had been used by the public over this strip in the rear of these lots from 1872 to 1895, and, though this was interrupted by the excavation along the line of Harrison avenue in the year 1895, there is no evidence in the record whatever that the plaintiff ever interfered with or questioned the right acquired by this use, until a short time before the bringing of this action, though he knew of the conditions and that the strip was regarded as a continuation of the alley on the east.

Counsel for plaintiff insists that the judgment and order should be reversed, because, construing the findings as a whole, the finding of adverse use in connection with the finding of the dedication, amounts to nothing more than a finding to the effect that the public had accepted the dedication of the land in question and had continued to use it in a public manner from the time of dedication up to 1895. In this we cannot agree with counsel. Conceding that the evidence upon which the finding of dedication was based was wholly immaterial and would not justify such a finding, there is no basis for the assertion that the evidence does not justify the finding of adverse use. Since the issue of adverse use was tried, and a definite finding made thereon, the correctness of this cannot be affected by the fact

that the court made a finding upon incompetent evidence upon the subject of dedication.

It has been assumed by the parties that the sections of the statute upon which the defendants rely are available as a defense in this case. We have not questioned this assumption, but assumed it to be correct. Whether or not it is we do not decide.

We are of opinion that the judgment and order should be affirmed, and it is so ordered.

*Affirmed.*

MR. JUSTICE HOLLOWAY, and the HONORABLE T. C. BACH, Judge of the first judicial district, sitting in place of MR. JUSTICE SMITH, who is disqualified, concur.

## ON MOTION FOR REHEARING.

(Submitted November 22, 1907. Decided December 3, 1907.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Plaintiff's motion for a rehearing in this case, as we understand it, proceeds upon the assumption that upon appeal to this court in an equity case, the appellant is entitled, if he so desires, to a trial *de novo.* We do not understand that the statute (Code Civ. Proc., sec. 21, amended Session Laws, 2d Extra. Session, 1903, p. 7) requires or permits a review to this extent. While it does require this court "to review all questions of fact arising upon the evidence presented in the record * * * and determine the same," from the very nature of the case, as was pointed out in *Bordeaux* v. *Bordeaux,* 32 Mont. 159, 80 Pac. 6, and *Finlen* v. *Heinze,* 32 Mont. 354, 80 Pac. 918, the review may not go further than to determine whether there is a decided preponderance in the evidence against the findings of the trial court. Though the evidence is presented in question and answer, it is in cold type, without the gestures, behavior or appearance of the witnesses, and often, as in this case, the illus-

trations made by them through the medium of maps, diagrams and other instrumentalities used to make their statements intelligible. It would be manifestly out of place for this court to undertake to try a case and determine it as does the district court.

We concede that when a party relies upon adverse use to establish a right, his evidence must be clear and convincing; but this rule must of necessity apply more directly to the district court. In a given case, what is not as clear and convincing to us as might be, might have been entirely so to the trial judge; at least this presumption attaches to his findings, and this court is not at liberty to overturn them unless there is a clear preponderance against them, after due and proper allowance has been made for the absence from the record of such elements in the evidence as have not been, or cannot be, reproduced therein.

As we stated in the original opinion, much of the testimony of some of the witnesses in this case is unintelligible, for the reason that counsel failed to have them designate by letters or other mode of identification, the points upon the maps and plats to which they referred. If we assign the meaning to this testimony which counsel insist that it should have, we should certainly agree with them and say that the judgment should be reversed. The presumption must obtain, however, that it was understood by the trial court as lending support to defendants' case, and hence that it tended to support the findings as made. Are we justified in saying that it was not clear and convincing to him? We have read and re-read the record carefully in our endeavor to arrive at a just conclusion in this case. We find no suggestion made in the argument accompanying the motion that induces us to think that upon a rehearing we might reach a different conclusion. The motion is accordingly denied.

*Rehearing denied.*

MR. JUSTICE HOLLOWAY. concurs.