NICHOLS ET AL., RESPONDENTS, *v.* WILLIAMS, APPELLANT.

(No. 2,636.)

(Submitted March 15, 1909.  Decided April 5, 1909.)

[100 Pac. 969.]

*Mines—Adverse Suits—Findings—Review—Discovery Shaft— Location of—Evidence—Admission and Exclusion—Briefs— Pleadings—Amendment—Discretion.*

Mines—Adverse Suits—Findings—Conclusive When.
1.   Findings of the trial court, in an adverse suit to a mining claim, supported by a substantial preponderance of the testimony, will not be disturbed on appeal.

Same—Discovery Shaft—Location of, Within Claim.
2.   The fact that the discovery shaft of a quartz lode mining claim, sunk ten feet deep as required by statute, was partly within the boundaries of an adjoining patented claim, was immaterial, where it appeared that its opening was within the boundaries of the former, and that the portion of the shaft within the confines of the claim was of such dimensions that a miner could work in it, and was in reality a shaft sunk upon the locator's own ground.

Evidence—Admission or Rejection—Briefs.
3.   Where none of the evidence, to the admission or rejection of which exception had been taken, was quoted in the brief of appellant, either in substance or otherwise, the assignment of error in this regard will not be considered on appeal.  (Rule X, sec. 3, subd. *b*.)

Mines—Adverse Suits—Pleadings—Amendments—Discretion.
4. Plaintiffs' location was made in 1905, that of defendant in 1906. At the trial of an adverse suit, in 1908, defendant asked leave to file a supplemental answer, alleging that plaintiffs had neglected to do the representation work on the claim in controversy, for the year 1907. The court refused permission to file it.  *Held*, that it not appearing that defendant claimed to have initiated any rights subsequent to 1906, and his brief on appeal not disclosing any argument as to the materiality of the evidence sought to be introduced under the supplemental answer, there was no abuse of discretion in the court's action.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by E. A. Nichols and others against Holly D. Williams. From a judgment for plaintiffs and from an order denying him a new trial, defendant appeals. Affirmed.

*Mr. John J. McHatton,* for Appellant.

*Messrs. Forbis & Evans,* and *Mr. John E. Corette,* for Respondents.

MR. JUSTICE SMITH delivered the opinion of the court.

This is a suit to substantiate an adverse claim, filed in the land office of the United States at Helena, by the plaintiffs, against an application for a patent theretofore filed in said office by the defendant. Plaintiffs claim the Bessie Brooks lode, located July 30, 1905, and defendant applied for a patent to the Lucky Bill lode claim, located in 1906. These lode claims are in conflict. The Lucky Bill claim as located is practically within the boundaries of the Bessie Brooks location. The cause was tried in the district court of Silver Bow county. The judge personally inspected the disputed ground. The court's findings of fact and conclusions of law are as follows: "That all of the allegations of the complaint are true, save that plaintiffs' original discovery shaft was and is only partially upon public domain included within their claim; they are owners and entitled to the possession of that portion only of the land within the exterior boundaries of their claim which is in conflict with the claim made by the defendant, and defendant did all acts necessary to make a valid lode location upon said ground, if said ground had been public domain not subject to plaintiffs' claim at the time said acts were done; that all the allegations of the answer are true, save the allegation that defendant went upon public unoccupied mineral land and made a discovery, the allegation that defendant did all and every act necessary to make a valid location, which is untrue, in that he made his dis-

covery on land subject to and appropriated by plaintiffs' prior location, and the allegation that plaintiffs' claim is without right. And therefrom the court concludes that plaintiffs are entitled to recover herein against defendant, are the owners and entitled to possession of the ground in controversy here, and are entitled to decree as prayed for." The ground really in dispute is a triangular strip between patented claims, and is about forty-seven and five-tenths feet wide on the west end, running about six hundred and thirty-five feet easterly to a point. It is bounded by the following patented claims, viz., on the north by the Four Johns, on the west by the Protection, and on the south by the Gustavus. Plaintiffs had judgment in accordance with the court's conclusion of law, and from such judgment and an order overruling a motion for a new trial the defendant has appealed.

One of the allegations of the complaint is: "That within sixty days thereafter [after discovery] said E. A. Nichols, W. F. Fitzgerald, and Charles F. Jones [the original locators] did sink a discovery shaft upon said lode claim to the depth of at least ten feet from the lowest rim of such shaft at the surface, which shaft was four feet by six feet by ten feet in depth, and which shaft cut said lode at a depth of at least ten feet below the surface, and there showed and exposed a well-defined crevice of quartz, containing valuable deposits." The court found this allegation to be true, with the exception that the discovery shaft was only partially upon public domain. The testimony shows that the shaft was vertical, and was partly within and partly without the boundaries of the Bessie Brooks claim. Defendant claims in his brief that the evidence is insufficient to justify the decision of the court, but his specific grievance—the one which he argues—is that the finding that the plaintiffs' shaft was sunk to a depth of ten feet, and the vein was shown at that depth within the boundaries of the claim, is not sustained by the evidence. We have searched the record for the evidence on these points, and find it is conflicting as to both. We are of opinion that there is a substantial preponderance of testimony on both points in favor of the plaintiffs, and, therefore, have

no inclination to disturb the findings of the court below. (*Bordeaux* v. *Bordeaux,* 32 Mont. 159, 80 Pac. 6.)

But it is contended that the testimony shows that the original discovery shaft of the Bessie Brooks was partly in ground belonging to the Gustavus patented claim on the south. This is true, but it was also shown that the shaft was large enough so that a miner could work in that portion included within the Bessie Brooks location. This was sufficient. The fact that the shaft was partly within the boundaries of the Gustavus is of no consequence, provided that portion which was within the boundaries of the Bessie Brooks was of such dimensions as that it was in reality a shaft sunk upon that ground. This court, in *Butte etc. Min. Co.* v. *Barker,* 35 Mont. 327, 89 Pac. 302, said: ''It is by means of the discovery shaft or the cross-cut that the locator manifests his intention. If he chooses to make such manifestation by means of a discovery shaft, he must do the work on the claim. The shaft must be sunk on the claim, for so the statute declares; and this is done in order that anyone interested may see the evidence of his good faith. And for the like reason, if he makes manifest his intention by means of a crosscut, it must be from an opening upon the claim; otherwise, the owner of the claim upon which such opening is situated may rightfully refuse admission to such crosscut to any and every one except only the locator; and, if the locator has only a license to use such opening, he may at any time deny admission to the locator himself. It cannot be that the requirements of the law are met by doing work over which the locator himself has no control, as a matter of right, and from which he may be excluded at any time by an entire stranger. In the present case, so far as the claim initiated by Barker is concerned, there were not any indications upon the surface of that claim that he had done anything beyond posting a notice of location and marking the boundaries of the claim, and it does not aid him to say that his declaratory statement describes the crosscut as starting from a shaft, the location of which may be gained from the courses and distances given. Any inspection of such crosscut involved a trespass upon a patented claim, the property of a

third person." The appellant cites the *Barker Case, supra,* in support of his contention that the discovery shaft must be sunk entirely within the limits of the ground subject to location. All that was decided in that case, upon this point, was that the development work must be done upon the claim. But in this case the work was done upon the claim. The law does not attempt to prescribe the extent of any dimension of the shaft, save the depth. There must be a shaft upon the claim, and it must be sunk ten feet deep. The locators of the Bessie Brooks claim complied with this direction. Anyone interested could see the evidence of this development work within the boundaries of the claim; the opening of the shaft was upon the claim; the locator, and anyone else who was interested in the matter, could go to the bottom of the shaft without getting upon or into the Gustavus ground and inspect the lead, or work there if necessary, without permission from any third person. (See *Upton* v. *Larkin,* 7 Mont. 449, 17 Pac. 728.)

Some exception is taken to the action of the court in admitting and rejecting evidence, but none of the evidence, admitted or rejected, is quoted in the brief, either in substance or otherwise.

It is also contended that the court erred in admitting in evidence the declaratory statement and amended declaratory statement of the Bessie Brooks location, but no argument is made in support of the contention, and we are unable from a cursory examination of the documents to determine what, if any, specific objections thereto might have been well taken.

It appears from one of the bills of exception found in the record that the defendant, during the course of the trial, in February, 1908, asked leave to file a supplemental answer alleging that the plaintiffs had neglected to do the representation work on the Bessie Brooks lode claim in the year 1907. The court refused to allow the supplemental answer to be filed, saying that it considered the matter immaterial, and the ruling is assigned as error. As hereinbefore stated, the Bessie Brooks location was made in 1905 and the Lucky Bill was located in 1906. The defendant claimed to have initiated no rights subse-

quent to 1906. No argument is found in the brief, either as to the materiality of the evidence sought to be introduced under the supplemental answer, or disclosing any abuse of discretion on the part of the court, and we therefore hold that there was no abuse of discretion.

The judgment and order of the district court of Silver Bow county are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.