LOUD ET AL., APPELLANTS, *v.* HANSON ET AL., RESPONDENTS.

(No. 3,749.)

(Submitted March 19, 1917. Decided April 10, 1917.)

[164 Pac. 544.]

*Chattel Mortgages—Priority—Ownership—Possession—Estop-
pel—Appeal and Error—Equity—Findings—Conclusiveness.*

Appeal and Error—Equity—Findings—Conclusiveness.
    1. Unless a finding of the trial court in an equity case is opposed to the clear preponderance of the evidence, it will, on appeal, be accepted as proper.

Chattel Mortgages—Failure of Ownership—Effect.
    2. Where a buyer, in anticipation of a sale, gave a note and mortgage to a bank on the chattels which were the subject matter of the transaction, the consideration being credit at the bank to the seller in the amount of the purchase price, and the bank failed to extend such credit, the sale was incomplete, title remained in the seller and the note and mortgage were void, the latter constituting no obstacle to the enforcement of the lien of a subsequent mortgage given by the owner.

Same—Possession—Estoppel.
    3. Where, at the time chattels were sought to be mortgaged to a bank, their possession of them in the ostensible mortgagor was no different than it had known it to be for two years prior thereto, to-wit, as manager of the owner, and the bank did not part with value, it was not in position to claim prejudice because of any apparent change of possession.

*Same—Partial Validity—Effect.*

4.  A mortgage invalid as to a portion of the property upon which given because not owned by the ostensible mortgagor, and good as to a grain crop, *held* enforceable as a prior lien upon the crop.

[As to right to enjoin foreclosure sale on ground of alleged error in amount of mortgage indebtedness, see note in **Ann. Cas. 1912C,** 572.]

*Appeal from District Court, Yellowstone County; Geo. W. Pierson, Judge.*

ACTION by Charles H. Loud and others, copartners in business under the firm name and style of Loud, Collins, Campbell, Wood & Leavitt against Albert S. Hanson and others. Judgment for defendant Farmers & Traders' State Bank, and plaintiffs appeal. Reversed and remanded.

Cause submitted on briefs of Counsel.

*Messrs. Loud, Collins, Campbell, Wood & Leavitt,* for Appellants.

*Messrs. Nichols & Wilson,* for Respondents.

MR. JUSTICE SANNER delivered the opinion of the court.

The plaintiffs brought this action to recover upon a certain promissory note for $800 and interest, executed on August 20, 1914, by the defendant Albert S. Hanson, and to foreclose a mortgage upon certain chattels described in the complaint, given to secure the payment of said note. Maggie Macer, Farmers & Traders' State Bank and American Bank & Trust Company are joined as defendants, under allegations that they claim some interest in the property. The American Bank & Trust Company made no appearance. The Farmers & Traders' State Bank filed a separate answer, claiming in effect that on March 25, 1914, the defendant Macer, then the owner of the chattels in question, mortgaged the same to it to secure the payment of her certain promissory note for $3,121.70, which mortgage was duly filed for record on April 9, 1914; that said note has not been paid, and, being overdue, a foreclosure of the mortgage as well as a

personal judgment against Macer is demanded. The defendants Hanson and Macer jointly answered, and the effect of their answer is to admit all the allegations of the complaint, and to plead that the defendant Macer was not on March 25, 1915, and never became, the owner of the chattels in question, but that, in order that she might become such owner, said mortgage to the Farmers & Traders' State Bank was signed by her, together with a note to be secured thereby, under terms and conditions assented to by said Hanson and said bank, which conditions were not fulfilled, and in consequence no consideration ever passed to Hanson for the property, or to Macer for the mortgage. The plaintiffs replied to the answer of the bank, denying that Macer was the owner of the property at the time her alleged mortgage to it was signed, and denying that the bank is the owner of any mortgage on the property. Upon these pleadings the case was brought to trial before the court sitting with a jury; later on, by common consent, the jury was discharged, and the cause was submitted to the court for decision upon the evidence presented. The trial resulted in certain findings of fact and conclusions of law by the court, upon which final judgment was entered in favor of the defendant Farmers & Traders' State Bank. It is from this judgment, as well as from an order denying their motion for new trial, that plaintiffs appeal.

The principal question is: Was Macer the owner of the property when the mortgage to the bank was signed? The [1] trial court found that she was, and this we must accept, unless it is opposed to the clear preponderance of the evidence. (*Bordeaux* v. *Bordeaux*, 32 Mont. 159, 80 Pac. 6; *Dean* v. *Stewart*, 49 Mont. 506, 143 Pac. 966.)

We think there is no conflict of evidence at all so far as essentials are concerned. As to the crops, the existence of a mortgageable interest in her cannot be doubted; and it is conceded that, if she ever became the owner of the other property, she did so by purchase from Hanson, who, prior to March 25, 1914, was the owner. Concerning such purchase, the undisputed evidence, as given by both Hanson and Ed. Macer (who acted for his wife

in the negotiations), is: That Hanson wanted to sell, and Mrs. Macer wanted to buy; that she was unable to pay the purchase price, and Hanson was unable to give her any time; that it was decided she might have the property if the Farmers & Traders' State Bank would take her note for the purchase price, $2,700, and credit Hanson with that amount, such note to be secured by mortgage on the property, with such other property as the bank might require; that she executed a note to the bank for $3,121.70 to cover the purchase price of the Hanson chattels and an old debt due the bank from the Macers, and to secure said note she executed the mortgage on the Hanson chattels, together with the crops to be raised on her land for the year 1914.; that because the bank did not credit Hanson with the amount of the purchase price, and paid no money to either Macer or Hanson, the latter declined to consummate the sale; that the parties then agreed Macer might hold, use and enjoy the property for the current year in consideration of the grain crops to be grown on her place and rendered to Hanson as compensation, and this agreement, which has been carried out, forms the basis of Hanson's assertion of ownership in the crops. Mr. Price, the only witness for the bank whose testimony is material to this phase of the case, admits the bank was advised of Hanson's refusal to consummate the sale before the mortgage from Macer was filed; that it was filed in spite of Hanson's objections and insistence to the contrary; that the Macer note for $3,121.70 was never entered on the bank's account of bills receivable, or elsewhere on its books, because it did not regard the transaction as complete; that no credit was ever given to Hanson, nor any money paid to him or Macer, prior to notice to the bank from Hanson that the deal was off. Price and Hanson agree that the failure to credit Hanson was due to Hanson's refusal to indorse Macer's note; but they conflict as to whether he agreed to do so—Hanson claiming that he agreed to indorse to the extent of the purchase price, to-wit, $2,700, and Price insisting that Hanson was to indorse for the amount of the note as made.

As we view the matter, it is of no consequence why Hanson [2] declined to indorse. The essential fact is that he and Macer agreed, as they had a right to do, upon a sale which was to be for the equivalent of cash, to-wit, credit to Hanson at the Farmers & Traders' State Bank. Until this consideration passed, the sale was incomplete, and title to the property did not vest in Macer. (Rev. Codes, sec. 4632; *Adlam* v. *McKnight*, 32 Mont. 349, 80 Pac. 613; 35 Cyc. 274, 275, A; Benjamin on Sales, 7th ed., secs. 343–345; also sec. 4, p. 298 *et seq.;* Mechem on Sales, secs. 477, 541 *et seq.*) But it is insisted Macer had [3] possession of the property when the mortgage was signed. Macer's possession at that time was in no wise different from what it had been for the preceding two years, during which she managed the property for the use and benefit of Hanson. This the bank knew, and so could not have been influenced by any apparent change of possession; nor did it part with any value upon the faith of any change of appearances or declaration by either Hanson or Macer. Indeed, to part with value is the very thing it declined to do, until long after notice that Hanson refused to consummate the sale. Since title to the Hanson chattels never passed to Macer, she was not the owner of them when the mortgage was signed; and since she was not the owner of them when the mortgage was signed, it created no lien upon them, nor any obstacle to the plaintiffs' mortgage from Hanson, so far as this property is concerned.

Emphasis is laid by respondent on the proposition that, until Hanson indorsed or got credit, he had an interest in Macer's note to the extent of the purchase price, and since that interest was seized and sold on execution against him, the bank becoming the ultimate purchaser, neither he nor anyone claiming under him, is in position now to assert any interest in the property. It was not the agreement that Hanson should have, and he never did have, the slightest interest in Macer's note to the bank. Since Macer never had title to the property, the indebtedness for the purchase price never accrued; if the bank chose to think otherwise, and, acting on its judgment, to buy Hanson's supposed

interest on execution sale, that is a loss it must recoup in some way other than at the expense of plaintiffs' mortgage.

Concerning the crops, the case is somewhat different. In them [4] Macer had a mortgageable interest, and upon them her mortgage to the bank was good, as against any contention Hanson might make, though only as security for the old debt. The evidence of Price seems to establish that this debt has been paid; but there is a stipulation in the record, upon which the court doubtless based its finding, to the effect that only $189.81 has been paid; so that, as the case is presented to us, her mortgage to the bank must be upheld as a prior lien on the crops for the unpaid balance of the old obligation.

As between the plaintiffs and Hanson, the case for foreclosure of plaintiffs' mortgage is complete by admission.

The judgment and order appealed from are therefore reversed, and the cause is remanded, with directions to proceed in conformity with this opinion.

*Reversed and remanded.*

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.