LANDEAU, RESPONDENT, *v.* FRAZIER ET AL., APPELLANTS.

(No. 1,830.)

(Submitted March 22, 1904. Decided April 18, 1904.)

*New Trial—Surprise—Newly Discovered Evidence—Insufficiency of Evidence—Discretion of Court—Appeal.*

1. The granting or refusing of a new trial upon the ground of surprise or newly discovered evidence rests largely in the discretion of the trial court, and its ruling will not be disturbed in the absence of an abuse of such discretion.
2. Where there is evidence to sustain the findings of the trial court, and the evidence is conflicting, the findings and decision will not be disturbed on appeal.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by Sarah Francis Landeau against Gus Frazier and Minnie Frazier. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Messrs. Downing & Stephenson,* for Appellants.

*Mr. J. A. Largent,* and *Mr. J. A. McDonough,* for Respondent.

MR. COMMISSIONER CALLAWAY prepared the following opinion for the court:

Plaintiff brought this action to have the defendant Gus Frazier declared her trustee of the east half of lot 2 in block 137 of the townsite of Great Falls, together with the buildings and appurtenances thereunto belonging; praying that said defendants, Gus and Minnie Frazier, be ordered by the court to execute and deliver to the plaintiff a good and sufficient warranty deed conveying to her such property, and that the defendant Gus Frazier be required to account to the plaintiff for certain rents and profits which he had received from the property.

The case was tried to a jury, which returned special findings. Thereupon the court made up its findings, adopted some found by the jury, and, rejecting others, entered its judgment and decree declaring plaintiff entitled to a conveyance from the defendants for such property, and ordered that the defendant Gus Frazier pay to the plaintiff the sum of $460, rent collected by him, together with the costs of the action. The defendants moved for a new trial, which was denied. From the judgment and order denying their motion for a new trial, they have appealed.

Defendants' grounds for new trial were surprise which ordinary prudence could not have guarded against; newly discovered evidence, material to the defendants, which they could not, with reasonable diligence, have discovered and produced at the trial; insufficiency of the evidence to justify the findings and decisions of the court. In support of the first two grounds recited, defendants filed a number of affidavits. These were controverted by the plaintiff.

Assuming that the affidavits are properly in the record, we have examined them, and find that the newly discovered evidence offered by the defendants is either immaterial, under the issues framed by the pleadings, or has been met in every material particular by the plaintiff's affidavits. In most respects this new evidence would be merely cumulative and of an im-

peaching nature. As the granting or refusing of a new trial upon the ground of surprise or newly discovered evidence rests largely in the discretion of the trial court, and as the record does not disclose an abuse of discretion in this instance, the ruling of the court below will not be disturbed. (*Francisco* v. *Benepe,* 6 Mont. 243, 11 Pac. 637; *Leyson* v. *Davis,* 17 Mont. 220, 42 Pac. 775, 31 L. R. A. 429; *Nyhart* v. *Pennington,* 20 Mont. 158, 50 Pac. 413; *Vogt* v. *Baldwin,* 20 Mont. 322, 51 Pac. 157; *Baxter* v. *Hamilton,* 20 Mont. 327, 51 Pac. 265; *Rand* v. *Kipp,* 27 Mont. 138, 69 Pac. 714; *State* v. *Brooks,* 23 Mont. 146, 57 Pac. 1038; *Smith* v. *Shook,* 30 Mont. 30, 75 Pac. 513.)

Touching the ground that the evidence is insufficient to justify the court's findings, it is enough to say that there was evidence to sustain each and all of them. The court saw the witnesses upon the stand, observed their demeanor while testifying, and passed upon their credibility in rendering its findings and decree. The testimony was very conflicting. Upon the facts presented in the record, this court will not disturb the findings and decision so made.

It follows that the judgment and order should be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order are affirmed.