THE BOARD OF COMMISSIONERS OF THE TOWN OF KEYPORT, PLAINTIFF, DEFENDANT IN ERROR, v. THE FREEHOLD AND ATLANTIC HIGHLANDS RAILROAD COMPANY ET AL., DEFENDANTS, PLAINTIFFS IN ERROR.

Submitted July 9, 1906—Decided March 4, 1907.

The platting of a tract of land upon a map by the owner thereof, showing a street thereon, and the retaining of such map in the possession of such owner, and the making of deeds by reference thereto, by bounding the land described in the conveyances as upon such street, coupled with the subsequent marking out, crowning and repairing of such street by such owner and grantor, is evidence of a dedication of such street to the public, and when accompanied by public user, or the acceptance by the municipality by repairing or working such street, the dedication is conclusive as against such dedicator and all claiming through or under him.

On error to the Supreme Court.

For the plaintiffs in error, *George Holmes, E. W. Arrowsmith* and *Charles H. Ivins.*

For the defendant in error, *Edmund Wilson.*

The opinion of the court was delivered by

FORT, J.    This is a suit in ejectment to recover the possession of a tract of land, with the appurtenances, for the purposes of a public highway within the town of Keyport.

The plaintiffs in error are admittedly in possession, and both parties claim the right of possession from the same common source, one Ezra Osborne.

The right of the plaintiffs in error rests upon proceedings in condemnation.

The authorities of the town of Keyport, the defendant in error, claim that Mott street, the *locus in quo,* was a public street, through dedication by Ezra Osborne and acceptance by user, before such condemnation.

At the trial the defendant in error had a verdict.

The defendants below offered no proof at the trial, contenting themselves with a motion to nonsuit, which was denied.

Both sides thus resting, on the motion of the plaintiff, the court directed a verdict for the plaintiff.

There are three errors assigned in the record:

*First.* Admission of illegal evidence, as appears by the exceptions taken.

*Second.* The refusal of the court to nonsuit.

*Third.* The direction of a verdict by the court.

On the brief but three exceptions to the admission of evidence are argued.

The first and second relate to the admission in evidence of a certain map of the property of Ezra Osborne, on which Mott street is delineated as shown, and which was made by or for Mr. Osborne, and also four certain deeds, made by Mr. Osborne, conveying some of the property to third parties by reference to Mott street, and upon which map the lots of land so conveyed are marked by Mr. Osborne, in his own hand, with the name of the grantee.

The map was clearly proven to have been one which platted the tract of land within which the *locus in quo* was into lots,

and upon it Mott street was shown as it is at present located, and as it was proven to have been located and laid out some time prior to 1854.

The defendants' proceedings in condemnation were taken in 1873, according to the admission in the record.

We think such a map, and the deeds of conveyance made by the owner of the land with reference thereto, are both admissible in evidence. The map need not be filed in any public office of record to be so admissible. The real question in such a case is, what was the purpose of the owner of the land at the time the map was made and the deeds executed and delivered? Was there the *animus dedicandi?*

Maps made by landowners and filed have been uniformly held admissible to show dedication of parks and highways in this state. *Trustees, &c.,* v. *Hoboken,* 4 *Vroom* 1; *Bayonne* v. *Ford,* 14 *Id.* 292; *Price* v. *Plainfield,* 11 *Id.* 608; *Gloucester Land Co.* v. *Gloucester City,* 14 *Id.* 544. Or deeds made referring to highways upon such maps, or to maps of public authorities delineating streets. *Clark* v. *City of Elizabeth,* 11 *Id.* 172; *City of Elizabeth* v. *Price,* 12 *Id.* 191; *Clark* v. *City of Elizabeth,* 8 *Id.* 120.

In New York and Long Branch Railroad Co. *v.* South Amboy, Mr. Justice Lippincott cites all the New Jersey cases, and says: "The general principle of law is clear that while the mere survey and platting of lands into lots defining streets will not, without a sale, amount to a dedication, yet a sale of lots with reference to such platting, or by describing the lots as bounded on such streets, will, as between the grantor and grantee, amount to an inevitable dedication of the streets. But in order that the dedication be to the public use, it must not only have the assent of the owner of the soil, but there must either be a formal authorized acceptance on the part of the public authorities, or else an actual enjoyment by the public of the use for such length of time that the public accommodation would be materially affected by a denial or interruption of enjoyment. A proof, to the satisfaction of the court, of marking on a plat, accompanied by public use,

sustains the right of dedication claimed by the public against the owner or those claiming under him." *New York and Long Branch Railroad Co.* v. *South Amboy,* 28 *Vroom* 252, 258.

A public user is a use by the public of the neighborhood. *Wood* v. *Hurd,* 5 *Vroom* 87, 91.

A grant of public use, fully made by dedication, is one against which no private right can be set up. Nothing passes to the public but the easement. The fee remains in the owner and may be conveyed by him to third persons, or it may be condemned as in the case *sub judice,* but the right of the public to use is paramount to the title of the owner of the fee, and does not require the fee for its protection. It is not essential that a municipality shall show that the strip referred to as a street has been used as a street, but only that it has been dedicated as such. *Trustees* v. *Hoboken,* 4 *Vroom* 13. On the general subject, see 13 *Cyc.* 455.

In the case before us the proof is uncontroverted that Ezra Osborne platted this property and delineated on the map which he used in making sales of it Mott street over the *locus in quo.* The deeds in evidence recite that the land sold was sold by reference in the deed to Mott street as one of the boundaries of the plot sold. It also appears that the public authorities accepted the street, and exercised acts of control and possession over the street as a municipal highway, indicated by repairs and the like. It also appears that Mr. Osborne crowned up Mott street and worked it as a public street after he procured the map to be made and had made conveyances with reference thereto.

The intent to dedicate is clear, and under the proof the dedication was conclusively proven. There was no question for the jury under the proof, and the trial judge rightly directed for the plaintiff.

There was also an exception to the admission in evidence of a minute of the town council of Keyport authorizing J. G. Schenck to engage F. P. McDermott to test in the courts the right of the town to grade and repair Mott street across the Freehold and Atlantic Highlands railroad.

If there was a dedication, as clearly appears by the proof, the municipal authorities could, at any future time when their wants or convenience require it, immediately appropriate the lands to the public use, and lapse of time since the dedication is no prevention of such action.    *Trustees* v. *Hoboken, supra.*

This resolution was not objectionable as showing authority in the attorneys to bring the suit, or as showing if dedication existed that the town had elected to accept it and enter into possession and control of the highway.

There is no error in the judgment of the Supreme Court, and it is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, DILL, J.J.    15.

*For reversal*—None.