WATKINS, APPELLANT, *v.* WATKINS, RESPONDENT.

(No. 2,685.)

(Submitted June 10, 1909.   Decided July 3, 1909.)

[102 Pac. 860.]

*Suits in Equity—Findings—Insufficiency of Evidence—Extent of Review — Quieting Title — Conveyances — Forgery — Evidence—Admissibility—Hearsay—Instructions.*

Equity—Findings—Insufficiency of Evidence—Extent of Review.
1.   In reviewing an assignment that the evidence is insufficient to warrant the findings in an equity case, the supreme court will go no further than to determine whether there is a decided preponderance in the evidence against them, and if upon examination of the testimony such preponderance is not found, they will not be disturbed.

Appeal and Error—Assignments—Review.
2.   Only those assignments of error which are argued in the brief will be considered on appeal.

Equity—Evidence—Admissibility.
3.   In a suit to quiet title to lands alleged to have been conveyed by defendant to his divorced wife, proof as to who paid the taxes on the property after the alleged conveyance, claimed by defendant to have been a forgery, was competent as tending to show the reasonableness or unreasonableness of plaintiff's claim.

Same.
4.   Defendant in the suit referred to in the above paragraph was properly permitted to answer the question why he made an application to reduce the amount of alimony awarded his wife.   The testimony was competent as tending to show the feelings existing between the parties prior to and at the date of conveyance, and the probability or improbability of the transfer by defendant of all his property to plaintiff.

Same—Evidence—Hearsay.
5.   Testimony of third persons as to what an employee of defendant had said concerning certain checks introduced in evidence was inadmissible as hearsay.

Same—Instructions—Review.
6.   The findings of the jury in an equity case being advisory only, alleged error in instructions to the jury will not be reviewed.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

ACTION by Frances C. L. Watkins against George S. Watkins. From a judgment   defendant, plaintiff appeals.   Affirmed.

*Mrs. Ella K?*                      or Appellant.

*Mr. W. A.*                         *C. B. Nolan,* for Respondent.

HONORABLE JOHN B. McCLERNAN, a judge of the Second Judicial District, sitting in place of MR. JUSTICE HOLLOWAY, delivered the opinion of the court.

This action was brought to quiet title to a parcel of land, and water rights appurtenant thereto, situated in Madison county. The action was commenced in Madison county, and, upon motion for change of place of trial, the cause was transferred to, and tried in, Lewis and Clark county, before the district court, assisted by a jury. The action is one in equity, and the services of a jury could, very properly, have been dispensed with. In such a case, we are concerned with the action of the trial court, rather than with the action of the jury.

The complaint contains the usual allegations of ownership, right of possession, etc., and of an adverse claim by the defendant, which is declared to be without foundation, and concludes with a prayer for a decree quieting plaintiff's title. The complaint also contains an allegation to the effect that the source of plaintiff's title is a certain written instrument, of which the following is a copy:

"Watkins Ranch, Sat. Sep. 20th, 1902.

"For the consideration of one hundred dollars paid in cash, and two hundred dollars to be paid per annual March and September of each year during my lifetime I agree and do convey to Frances C. L. Watkins and heirs, all of my real estate together with all water and water rights to said property, and all farm machinery and hay together with all personal property on said premises, situated in the county of Madison, state of Montana, all horses branded thus—WL, 6, all cattle branded thus—GW, J, H, ⊖.

"GEO. S. WATKINS.    [Seal.]

"Witness: IRENE WATKINS."

The plaintiff claims that this instrument was made, executed, and delivered by defendant to plaintiff on the day of its date. The defendant, by his answer, makes certain admissions, which, for the purposes of this opinion, it is unnecessary to enumerate, and makes specific denials, among which is a denial of the al-

legation that on the twentieth day of September, 1902, or ever
or at all, he made, executed, or delivered to plaintiff the in-
strument in writing above set forth.· The issue thus framed
squarely presents the question as to whether the signature to
the said instrument is the genuine signature of the defendant,
or is a forgery; and, in fact, this is the fundamental question
in the case.

·The jury in the court below, by its findings, said that the
defendant did not sign the instrument; that he was not paid,
nor did he receive thereon, the sum of $100; and that he was
not paid, nor did he accept thereon, in March, 1903, the sum
of $100.  These findings were, on motion of the defendant,
adopted by the court, and a motion by plaintiff to reject them
was denied.  A motion by plaintiff for a new trial was made
and denied, and judgment entered in favor of the defend-
ant, from which judgment and the order denying the motion
for a new trial this appeal is prosecuted.  The court is now
asked to set aside the findings of the jury and to reverse the
judgment, upon the ground and for the reason that the evidence
is wholly insufficient to justify the findings and decision of the
trial court.  This is the substance of the appellant's first as-
signment of error.  It is true that appellant's brief contains
references to cases containing the true rule laid down by this
court as to the extent of review required of it in equity cases
by the laws of this state.  (Revised Codes, sec. 6253.)  It also
contains suggestions to the effect that a mere preponderance
of evidence against them is sufficient to warrant the setting
aside of the findings and the reversal of the judgment, and
the oral argument of appellant's counsel seemed to us an at-
tempt to support these suggestions.

The question with which this court is directly and primarily
concerned is: Does the record show a decided preponderance in
the evidence against the findings of the jury or the trial court?
And not: Is the signature a forgery?  It may be considered
as settled in this jurisdiction that, in equity cases, this court
in its review will go no further than to determine whether

there is a decided preponderance in the evidence against the findings of the jury or the trial court. (*Bordeaux* v. *Bordeaux,* 32 Mont. 159, 80 Pac. 6; *Finlen* v. *Heinze,* 32 Mont. 354, 80 Pac. 918; *Pope* v. *Alexander,* 36 Mont. 82, 92 Pac. 203, 565.) The preponderance must be so clear and decided that this court can say, without resorting to surmise, speculation or conjecture, that, after making due allowance for the fact that the witnesses were present before the trial court and jury, the weight of the evidence is so pronounced against the findings that no fair or reasonable view of the evidence could have been adopted by the court or jury upon which to base its findings, and that this court entertains a definite opinion in that respect.

In reviewing the evidence, this court will start out with the presumption that the jury and the trial court did their whole duty and that the findings are supported by the evidence. It will then endeavor, by a fair, unprejudiced, and dispassionate examination of the evidence, to determine whether there is any substantial support for the findings in the evidence, always bearing in mind that it is not assisted by the presence of the witnesses, and that a witness' manner and demeanor on the stand might justify a conclusion by court or jury not at all warranted by a review of the evidence reduced to cold print. If, acting under the guidance of the rule here laid down, we determine that the testimony furnishes reasonable ground for different conclusions, then we will hold that there is no decided preponderance in the evidence against the findings, and decline to disturb them. In the case of *Finlen* v. *Heinze, supra,* this court said that "it is incumbent upon the appellant to show that the preponderance of the evidence is against the findings of the trial court, before we will disturb such findings upon the ground of insufficiency of the evidence." A careful reading of the whole case will convince anyone that the court was referring to a clear and decided, and not a mere, preponderance. In passing, we may say that we are convinced that every reason urged in favor of the policy of noninterference by the appellate court with the findings of the trial court,

except where there is a decided preponderance in the evidence against such findings, applied with equal, if not greater, force to the findings of a jury.

Tested by the rule here laid down, should this court disturb the findings of the jury and the trial court in this case? As this general rule must be applied as best it may to the facts of each particular case, we deem it unnecessary and useless to set out at length in this opinion an extended analysis of the evidence. The record of it is too voluminous to permit even of condensation, and presents a state of affairs that the courts may never again be called upon to consider. Under the circumstances existing here, we think it sufficient to say that we have carefully read all of the evidence; and, after giving careful and, as we believe, proper consideration to the peculiar nature of the instrument relied on by plaintiff, which purports to convey to the plaintiff all the real and personal property of the defendant in Madison county, of the value, approximately, of $50,000 over and above encumbrances; the circumstances attending its execution; the relations toward each other existing between the parties at the time of, and for twelve years preceding, the execution of the instrument; a careful comparison of the signature to the instrument with many signatures of the defendant admitted to be genuine; the manner of the witnesses, as far as the same can be gleaned from the record; the apparent conflict, to some extent, between the oral evidence and statements contained in letters; contradictory statements of witnesses, which, to our minds at least, are not satisfactorily explained; the straightforward accusations and direct and emphatic denials of the same; and the less prominent features of the evidence generally, we cannot say that the clear or decided preponderance, or even a mere preponderance, of the evidence is against the findings of the court or jury, or that the testimony, viewed in the light of the attending circumstances, as nearly as this court can do so, does not furnish reasonable grounds for different conclusions.

Appellant's brief contains many assignments of error, but only a few of these assignments can be said to be argued, and

only those argued will be treated in this opinion. We have already disposed of the first assignment of error. The second one is that the court erred in not sustaining plaintiff's objection to the following question, addressed to George Watkins, son of plaintiff: "Who, if anybody, has paid the taxes down to the present time?" Plaintiff and defendant, divorced husband and wife, with their children were occupying the Watkins ranch, the subject of this action, but were living apart from each other. Anything which tends to show the reasonableness or unreasonableness, the probability or improbability, of the plaintiff's claim is competent. Upon this theory alone, if no other, we think the question was proper, as the exercise of control over the property would have a tendency to enlighten the court and jury.

The third assignment is that the court erred in overruling plaintiff's objection to the following question: "How was it that you came to make the application to reduce the alimony?" addressed to the defendant. Also, in overruling plaintiff's motion to strike out the answer to the question. We think the question was competent, as tending to show the feelings existing between the parties toward each other prior to and at the date of the instrument of conveyance, as the probability or improbability of the defendant, at the age of seventy years, transferring all his property to the plaintiff might, to some extent at least, be determined by the friendly or strained relations between the parties, as the case might be.

The next assignment of error we shall notice as having been argued to some extent by counsel, with vigor, but, as we think, with little force, is that the court erred in sustaining the objection of the defendant to the following question: "I wish you would state what Walter Holloway said when the checks were alluded to." Also, in sustaining defendant's objection to the following question: "I will ask you to state whether or not you had any conversation with Walter Holloway in regard to the defendant's Exhibits 1 and 22—the checks which have been introduced in evidence here. Did you have any conversation with him relating to them?" These questions were ad-

dressed, respectively, to Irene and Catherine Watkins, daughters of defendant. The checks had been introduced to show that the defendant had paid wages to Irene and to her brother Spencer for work done on the ranch. The defendant claimed that they were forgeries. Holloway was employed by him at the time they purported have been given, and, it appeared, knew about them. In his testimony, which had been introduced by written deposition, he had not referred to them in any way. A reading of the record will demonstrate that the questions manifestly called for hearsay testimony; and the argument of plaintiff that she had no notice, through the pleadings or otherwise, that she would be called upon to meet defendant's proof touching the checks, does not constitute a sufficient reason for ignoring the well-settled rules regarding hearsay testimony, or bring the same within any exception to those rules. We know of no rule of law or ethics, which requires a litigant to voluntarily furnish information or evidence to his adversary before trial, except such information as must be contained in the pleadings.

Many other assignments of error are contained in appellant's brief, which we consider are without merit, some of which are based on instructions to the jury. As the findings of the jury are simply advisory to the court, we pass those assignments without further notice.

For the reasons above set forth, the judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

MR. JUSTICE HOLLOWAY, deeming himself disqualified, did not hear the argument, and takes no part in the foregoing decision.