KIFT ET AL., APPELLANTS, *v.* MASON ET AL., RESPONDENTS.

(No. 2,895.)

(Submitted November 16, 1910.   Decided November 29, 1910.)

[112 Pac. 392.]

*Equity—Fraud—Mining   Claims—Leases—Cancellation—Evidence—Findings—Conclusiveness—Placer   Claims—"Known" Veins Within Boundaries of.*

Equity—Findings—When Conclusive.

1.   On appeal in equity cases the findings of the trial court will be sustained, unless it appears that the evidence preponderates against them.

Lode Mining Claims—Leases—Fraud—Cancellation—Evidence.

2.   Evidence in an action to cancel a contract of lease and bond on a mining claim, for fraud alleged to have been perpetrated by the lessees on the lessors so as to induce the latter to enter into it, *held*, not to preponderate against the trial court's findings in favor of defendants.

Same—Validity, When on Patented Placer Claims—"Known" Veins—Proof.

3.   A quartz lode claim upon a patented placer depends, for its ultimate validity and value, upon the ability of the locators to prove that at the time application for patent to the placer claim was made, it (the placer) was known to contain the vein upon which discovery of the quartz claim was made.   (U. S. Rev. Stats., sec. 2333.)

Same—Value of Quartz Lode Within Boundaries of Placer—Evidence.

4.   Where at the time a contract of lease and bond on a quartz lode mining claim, located upon a patented placer, was entered into, said claim was a mere prospect, the location of which was incomplete, and without ore of commercial value in sight, the court was warranted in finding that the claim then did not have a value greater than $500, even though subsequent development had demonstrated that the property was of much greater value.

*Appeal from District Court, Silver Bow County; J. M. Clements, a Judge of the First Judicial District, presiding.*

ACTION by Samuel Kift and Isaac Knoyle, an infant, by James Knoyle, guardian *ad litem*, against Louis Mason and another.   Judgment for defendants, and plaintiffs appeal from it and an order denying their motion for a new trial.   Judgment affirmed.

*Messrs. Kremer, Sanders & Kremer* submitted a brief in behalf of Appellants.  *Mr. J. Bruce Kremer* argued the cause orally.

The district court found that the plaintiffs did not use ordinary prudence to ascertain whether Mason owned any interest in the ground covered by the Hornet location, prior to the execution of the lease and bond.  The telling of an untruth, knowing it to be an untruth, with intent to induce a man to alter his condition, in consequence whereby he sustains damages, constitutes fraud.  (Smith on the Law of Frauds, p. 2.)  ''It is no excuse for, nor does it lie in the mouth of, the defendant to aver that plaintiff might have discovered the wrong and prevented its accomplishment had he exercised watchfulness.''  (Id., pp. 72, 73; see, also, *Wannell* v. *Kem,* 57 Mo. 478; *Morris* v. *Courtney,* 120 Cal. 63, 52 Pac. 129.)  A vendee is not deprived of his remedy for deceit because he might have learned the falsity of the vendor's statements from the public record.  (*Wilson* v. *Higbee* (C. C.), 62 Fed. 723; *Hunt* v. *Barker,* 22 R. I. 18, 84 Am. St. Rep. 812, 46 Atl. 46; *Curtley* v. *Security S. Society,* 46 Wash. 50, 89 Pac. 180; *Fargo Gas Light & C. Co.* v. *Fargo etc. Co.,* 4 N. D. 219, 59 N. W. 1066, 37 L. R. A. 593; *Eames* v. *Morgan,* 37 Ill. 260; *McKee* v. *Eaton,* 26 Kan. 226; *Carpenter* v. *Wright,* 52 Kan. 221, 34 Pac. 798; *Young* v. *Hopkins,* 22 Ky. (6 T. B. Mon.) 18; *David* v. *Park,* 103 Mass. 501.)

In behalf of Respondents, there was a brief by *Mr. L. P. Forestell* and *Mr. I. A. Cohen,* and oral argument by *Mr. Forestell.*

The plaintiffs were not justified in relying upon any general statements, which they claim were made by the defendant Mason.  Where the facts are equally accessible to both parties, public policy demands that the law should require persons to whom representations are made to use all reasonable means for determining their truth, and failure to investigate amounts to inexcusable negligence which will preclude the negligent party from obtaining relief.  (*Andrus* v. *Refining Co.,* 130 U. S. 643, 9 Sup. Ct. 645, 32 L. Ed. 1054; *Farrar* v. *Churchill,* 135 U. S.

609, 10 Sup. Ct. 771, 34 L. Ed. 246; *Toner* v. *Meussdorffer,* 123 Cal. 462, 56 Pac. 39; *Champion* v. *Woods,* 79 Cal. 17, 12 Am. St. Rep. 126, 21 Pac. 534; *Short* v. *Pierce,* 11 Utah, 29, 39 Pac. 474; *Griffith* v. *Strand,* 19 Wash. 686, 54 Pac. 613; *Farr* v. *Peterson,* 91 Wis. 182, 64 N. W. 863; *Shappiro* v. *Goldberg,* 192 U. S. 232, 24 Sup. Ct. 259, 48 L. Ed. 419; *Grinrod* v. *Anglo-American B. Co.,* 34 Mont. 169, 85 Pac. 891.) He who alleges fraud as a ground for relief in a judicial proceeding, to succeed, must establish the charge by a preponderance of the evidence, which also must be clear and satisfactory. (*Rice* v. *Jerenson,* 54 Wis. 248, 11 N. W. 549; *F. Dohmen Co.* v. *Niagara Falls Ins. Co.,* 96 Wis. 38, 71 N. W. 69; *Standard Mfg. Co.* v. *Slot,* 121 Wis. 14, 105 Am. St. Rep. 1016, 1023, 98 N. W. 923.) "To justify a court in rescinding a contract on the ground of fraud, the testimony must be of the strongest and most cogent character and the case a clear one." (*Atlantic Delaine Co.* v. *James,* 94 U. S. 207, 24 L. Ed. 112; *Coughlin* v. *Richmond,* 77 Iowa, 188, 41 N. W. 613; *McCall* v. *Bushnell,* 41 Minn. 37, 42 N. W. 545; *Hoy* v. *Robinson,* 23 Or. 47, 31 Pac. 62; *Walton* v. *Blackman* (Tenn.), 36 S. W. 195; *Lavassar* v. *Washburne,* 50 Wis. 200, 6 N. W. 516.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In March, 1900, the plaintiffs made discovery of mineral-bearing rock in place within the exterior boundaries of a patented placer claim, and posted notice of location of the Hornet quartz lode mining claim. In May following, and before completing the Hornet location, plaintiffs executed and delivered to defendant Mason a contract of lease and bond upon their interests. The contract admitted Mason to the possession of the premises, defined his duties and gave him an option to purchase at any time within two years upon the payment of $500. In November, 1901, this suit was brought to cancel the contract upon the ground of fraud. The complainant alleges that after plaintiffs made their location of the Hornet lode claim, Mason

came to them and stated that the property was his, and that plaintiffs had ''jumped'' his claim; that plaintiffs believed these representations to be true and relied upon them; that Mason then asked for a lease and bond upon the property, and because of the representations made by him and the reliance thereon by the plaintiffs, they executed the contract referred to above; that in truth and in fact Mason's statement that he owned the ground was wholly false, and fraudulently made for the purpose of procuring the lease and bond; that at the time the plaintiffs' interests were reasonably worth $5,000; that as soon as plaintiffs discovered that Mason did not own the premises and that his representations to them were untrue, they elected to rescind the contract and notified the defendants. It is alleged that the defendant Merriman claims some interest in the contract as a co-owner with Mason. The answer admits the ownership of plaintiffs in the Hornet lode claim; admits the making of the contract; denies all the allegations of fraud; pleads the transfer of the interest of Mason in the contract to the defendant Merriman; pleads compliance on the part of the defendants with all the terms of the contract by them to be performed, including a tender of the amount of the purchase price within the time limited, and its refusal by the plaintiffs, and concludes with a prayer for a decree for specific performance of the contract by the plaintiffs. The cause was tried to the court without a jury. Findings of fact and conclusions of law, all in favor of defendants' contention, were made and a decree in conformity with the prayer of their answer was rendered and entered. From that judgment or decree and an order denying their motion for a new trial, plaintiffs appealed.

Appellants contend that the evidence does not justify findings 2, 4, 5, 6, 7, 8, 9, 10, 11 and 12 or any of them; but if findings 2, 4 and the first part of 5 are to be sustained, the others are entirely immaterial. Findings 2, 4, and the portion of 5 referred to above, are as follows:

''(2) That after plaintiffs had located the Hornet lode claim, the defendant Mason did not represent to or tell plaintiffs or

either of them that the ground covered by the Hornet location was the property of said Mason."

" (4) That the Hornet lode claim was not of the value of $5,000, nor of any greater value than $500 at the time of the execution of the said lease and bond on May 2, 1900.

" (5) That the defendant Mason did not represent to plaintiffs or either of them that he, Mason, owned the ground covered by the Hornet location nor did he represent that it was his property. * * * "

It will be observed that findings 2 and 5 are to the same effect, and determine the principal issue made by the pleadings adversely to the plaintiffs. It is the rule in this state, now too well established to be open to further controversy, that on appeal in an equity case the findings of the trial court will be sustained, unless it appears that the evidence preponderates against such findings. (*Bordeaux* v. *Bordeaux,* 32 Mont. 159, 80 Pac. 6; *Finlen* v. *Heinze,* 32 Mont. 354, 80 Pac. 918; *Pope* v. *Alexander,* 36 Mont. 82, 92 Pac. 203; *Watkins* v. *Watkins,* 39 Mont. 367, 102 Pac. 860.) Does the evidence disclosed by this record preponderate against the findings that Mason never represented to plaintiffs that he owned the ground covered by the Hornet location? There is a sharp conflict in the evidence upon this question. No useful purpose would be subserved in setting forth the testimony of the several witnesses at length. Plaintiff Kift and the witness James Knoyle testified that Mason did make the representation pleaded in the complaint; Mason denied it. There were facts and circumstances which doubtless weighed against the plaintiffs' contention in the mind of the judge who presided at the trial of the case. The very fact that an option to purchase the property within two years was given to Mason, of itself, amounts to a declaration of all the parties to the contract that plaintiffs owned the Hornet claim, and that Mason did not. It appears, too, that at the time the contract was made, plaintiffs had not discovered any ore of commercial value; that they had not done any work of consequence upon the claim, and that from the very nature of

the case, the claim did not have any considerable market value, if any market value at all; but that after Mason went into possession and expended time and money developing the claim, valuable mineral deposits were discovered; that plaintiffs then had an opportunity to sell for a much larger sum than $500, and then for the first time sought cancellation of the contract. The testimony given by plaintiffs and the witness James Knoyle respecting statements made by them concerning the value of the Hornet claim is contradicted by the testimony of witnesses apparently disinterested, who were called by the defendants. These facts all doubtless tended to discredit the plaintiffs and their witness in the mind of the trial judge, and we cannot say that such a result was not justified. Furthermore, the trial court had the advantage over the members of this court in seeing the witnesses on the stand, hearing them give their testimony orally and observing their demeanor, and was therefore in a much more advantageous position in weighing the evidence and in giving credit where credit was apparently due. Under these circumstances we do not think it can be said that the evidence preponderates against findings 2 and 5 as made.

Finding No. 4 appears to us to be fully justified by the evidence. As said above, at the time the contract was made the Hornet claim was not anything more than a prospect, without any ore of commercial value in sight, and with the location not completed. In addition, it was a quartz claim upon a patented placer, and depended for its ultimate validity and value upon the ability of plaintiffs to prove that at the time application for patent to the placer was made, the placer claim contained this known vein upon which discovery of the Hornet claim was based. (U. S. Rev. Stats., sec. 2333; *Noyes* v. *Clifford,* 37 Mont. 138, 94 Pac. 842.) Under these circumstances, it seems to us that the trial court was fully warranted in saying that the Hornet claim did not have a value greater than $500; and this, too, notwithstanding subsequent development demonstrated that the property was worth a much greater sum, for the trial court, in finding upon the question of value, was properly

considering the claim from the standpoint of its condition at the time the contract was executed.

Justification for the findings above completely disposes of every question raised upon this appeal. If there was not any fraud practiced upon plaintiffs by Mason to secure the contract, then they cannot complain, even though they may have discovered that their bargain was a very poor one. In determining this appeal, we have confined ourselves to the theory upon which the cause was tried. We do not mean to imply that plaintiffs could have recovered had they proven that Mason did make the representations which they claim he made, and that such representations were false. Whether under such circumstances recovery could be had is a serious question, but one not necessary to be determined on this appeal.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.