KAUFMAN, APPELLANT, *v.* CITY OF BUTTE ET AL.,
RESPONDENTS.

(No. 3,324.)

(Submitted January 6, 1914. Decided January 19, 1914.)

[138 Pac. 770.]

*Cities and Towns—Streets—Dedication—Elements Constituting — Acceptance — Evidence—Sufficiency—Injunction—Appeal—Maps—Record.*

Injunction—Properly Denied, When.
    1.   Equitable relief by way of injunction to prevent the removal of a frame structure valued at $200 from ground claimed by defendant city as a portion of one of its streets, and to which ground plaintiff had no title whatever, was properly denied since an action at law would afford plaintiff complete relief by way of damages.

    [As to injunctions against trespassers on real estate, see note in 99 Am. St. Rep. 731.]

Common-law Dedication—Pleadings—Sufficiency.
    2.   An answer alleging that land in controversy had been for more than ten years regularly laid out, dedicated, and used as a public thoroughfare or street of the city was sufficient to admit proof of a common-law dedication.

Same—Elements Constituting.
    3.   The essential elements of a common-law dedication of land for street purposes are the owner's offer evidencing his intention to dedicate, and an acceptance by the public.

    [As to what constitutes dedication of highway, see note in 57 Am. St. Rep. 749.]

Same—Offer—Sufficiency.
    4.   The filing of a plat on which an avenue was shown by name, though insufficient to meet the requirements of the statute in that regard, was a sufficient offer to the public of the ground under a com-

mon-law dedication, and, in the absence of evidence to the contrary, indicated the intention of the owners to dedicate the ground to the public for a highway.

[As to dedication by maps and plats, see note in 10 Am. St. Rep. 189.]

Appeal—Maps—Record.

5. Where a map or plat is used on the trial in the district court, it should be incorporated in the record on appeal, with proper references fixing the points adverted to by the witnesses, to the end that the evidence touching it may be intelligible to the appellate court.

Same—Injunction Order—Burden of Showing Error.

6. On appeal from an injunction order, the appellant has the burden of showing that the evidence preponderates against the trial court's findings.

Common-law Dedication—Acceptance by Public—Evidence—Sufficiency.

7. Evidence *held* insufficient to show such user of a strip of ground as a street by that part of the general public having occasion to use it, as well as sales of lots with reference to such street, as to constitute an acceptance of it by the public as a street under a common-law dedication.

Same—Dedication—Acceptance—Reasonable Time.

8. The acceptance of a common-law dedication must occur within a reasonable time after the offer.

[As to what constitutes dedication and acceptance of public street, see note in 129 Am. St. Rep. 576.]

Same—Negligence of Officers—Effect.

9. The right of a city to the use of a strip of ground as a street dedicated for that purpose cannot be defeated by the negligent or wrongful failure of its officers to prevent the use of a portion of it as a building site.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

SUIT by Louis Kaufman against the city of Butte and its street commissioner. Decree for defendants. Plaintiff appeals from an order denying his motion for a new trial. Affirmed.

Mr. *Jesse B. Roote* and Mr. *A. C. McDaniel,* for Appellant, submitted a brief; Mr. *Roote* argued the cause orally.

The plat of the Central addition was erroneously admitted. It does not disclose the width of Oregon avenue. (Sec. 2031, Fifth Div., Comp. Stats. 1887; *Tilzie* v. *Haye,* 8 Wash. 187, 35 Pac. 583; *Winnetka* v. *Prouty,* 107 Ill. 218; *City of Chicago* v. *Drexel,* 141 Ill. 89, 30 N. E. 774; *Coe College* v. *Cedar Rapids,* 120 Iowa, 541, 95 N. W. 267; *Watson* v. *Carver,* 27 App. D. C.

555.) Section 2032 provides that a copy of the map or plat "shall be filed in the office of the clerk of the county, and also in the office of the clerk of such city or town, if said town be incorporated." The evidence fails to show that any copy of the plat was filed in the office of the clerk of the city of Butte. (*City of Leadville* v. *Coronado Min. Co.,* 37 Colo. 234, 86 Pac. 1034.)

Over the objection, the defendants were allowed to introduce evidence tending to show a common-law dedication of the ground covered by the plat, including the ground in controversy. This was objected to because the answer attempted to allege only a statutory dedication, and evidence of no other dedication or title could be introduced. A common-law dedication is an affirmative defense, which, to be available to the defendants, must be pleaded, and the burden of proof is on the defendants. (*Tilzie* v. *Haye, supra; Tate* v. *Sacramento,* 50 Cal. 242; *City of Shreveport* v. *Drouin,* 41 La. Ann. 867, 6 South. 656; *Miller* v. *Aracoma,* 30 W. Va. 606, 5 S. E. 148; *Hayward* v. *Manzer,* 70 Cal. 476, 13 Pac. 141; *Demartini* v. *San Francisco,* 107 Cal. 402, 40 Pac. 496; *Oglesby* v. *Santa Barbara,* 119 Cal. 114, 51 Pac. 181; *Village of Benson* v. *St. Paul etc. Co.,* 62 Minn. 198, 64 N. W. 393; *Mason City etc. Min. Co.* v. *Mason,* 23 W. Va. 211.)

In a common-law dedication two things are necessary and must coexist: 1. The intention of the owner to dedicate; 2. The acceptance by the public or city of the dedication. (*Cincinnati etc. Co.* v. *Roseville,* 76 Ohio St. 108, 81 N. E. 178; *Field* v. *Manchester,* 32 Mich. 279; *Auburn* v. *Goodwin,* 128 Ill. 57, 21 N. E. 212; *Hayward* v. *Manzer, supra; Healey* v. *Atlanta,* 125 Ga. 736, 54 S. E. 749.) It is claimed by the plaintiff that the evidence wholly fails to establish an acceptance, as a street, by the city or the public of that part of Oregon avenue covering the ground in controversy. The evidence conclusively shows in this case that the city and the public never in any manner claimed or attempted to assert any authority over, or otherwise did any act showing an acceptance of, the ground until about twenty

years after the plat had been filed. ·An acceptance must be exercised within a reasonable time after the offer to dedicate. (*Field* v. *Manchester, supra; John Mouat L. Co.* v. *Denver,* 21 Colo. 1, 40 Pac. 237; *Auburn* v. *Goodwin,* 128 Ill. 57, 21 N. E. 212; *Cass County Supervisors* v. *Banks,* 44 Mich. 467, 7 N. W. 49; *Forsyth* v. *Dunnagan,* 94 Cal. 438, 29 Pac. 770.)

*Messrs. Alexander Mackel, W. F. Davis, N. A. Rotering,* and *John E. Corette,* for Respondents, submitted a brief; *Mr. Corette* argued the cause orally.

An examination of the plat will disclose the fact that the width of Oregon avenue can be determined from the plat. We do not think it was necessary to write upon that portion of the plat covered by the ground in question here the number of feet that the street is wide. (*Coe College* v. *Cedar Rapids,* 120 Iowa, 541, 95 N. W. 267.) That Oregon avenue constituted a public street is certain. In a Minnesota case the plat showed a strip along a lake. It had no name or number; streets at right angles connected with it. Three lots would be without access unless this was a street. It was held that the strip was dedicated as a street. (*Menage* v. *Minneapolis,* 104 Minn. 195, 116 N. W. 575; 2 Lewis on Eminent Domain, 3d ed., secs. 490, 491.)

The record discloses that the owners of the ground many years ago made a plat and dedicated Oregon avenue to public use forever; that Oregon avenue was accepted by the public; and that lots abutting upon this street were sold to third parties. Under this state of facts we contend that all the steps necessary were taken and that Oregon avenue was properly dedicated as a street and dedicated to public use forever. (*Hanson* v. *Proffer,* 23 Idaho, 705, 132 Pac. 573; *Farlin* v. *Hill,* 27 Mont. 27, 69 Pac. 237.) A defective statutory dedication may become a good common-law dedication. (1 Elliott on Roads and Streets, 3d ed., sec. 124; 4 McQuillin on Municipal Corporations, secs. 1561 *et seq.;* 3 Dillon on Municipal Corporations, 5th ed., secs. 1073, 1074; 2 Lewis on Eminent Domain, 3d ed., sec. 492.)

Selling lots according to the map or plat on which streets and alleys are delineated, whether recorded or not, operates as an irrevocable dedication of the streets to the municipal government and to the public use. (*City of Eureka* v. *Croghan*, 3 Cal. Unrep. 24, 19 Pac. 485; *Kittle* v. *Pfeifer*, 22 Cal. 484; *In re Common Council of Brooklyn*, 73 N. Y. 179; *Bridges* v. *Wyckoff*, 67 N. Y. 130; *Lockland* v. *Smiley*, 26 Ohio St. 94; *Preston* v. *Navasota*, 34 Tex. 684; *Winona* v. *Huff*, 11 Minn. 119; *Carter* v. *Portland*, 4 Or. 339.) "The act of dividing up a parcel of land into lots, streets and alleys and selling lots with clear reference to a map or plat representing such divisions is an immediate and conclusive dedication of such streets and alleys to the use of the purchaser and of the public." (*Schneider* v. *Jacob*, 86 Ky. 101, 5 S. W. 350.) User proves acceptance. (*San Francisco* v. *Canavan*, 42 Cal. 541; *Carpenteria School District* v. *Heath*, 56 Cal. 478.) "Dedication of land for a public highway need not be evidenced by writing, but may be by any means clearly indicating intention to dedicate." (*Buntin* v. *Danville*, 93 Va. 200, 24 S. E. 830; *Sweatman* v. *Deadwood*, 9 S. D. 380, 69 N. W. 582; *Fairbury Union Agricultural Board* v. *Holly*, 169 Ill. 9, 48 N. E. 149.) "A dedication of a street or highway may be inferred from a long and uninterrupted user by the public with the knowledge and consent of the owner." (*McKey* v. *Hyde Park*, 134 U. S. 84, 33 L. Ed. 860, 10 Sup. Ct. Rep. 512; *Pollard* v. *Hagan*, 44 U. S. 212, 11 L. Ed. 565.) That the owner of the ground recognized the street as an existing fact is proper to be proven and considered by the court. (*People* v. *Blake*, 60 Cal. 497; *City of Eureka* v. *Armstrong*, 83 Cal. 623, 22 Pac. 928, 23 Pac. 1085; *Wilder* v. *St. Paul*, 12 Minn. (Gil. 116) 192.) The ground was accepted as a street by the city and it built a water plug many years ago upon the same, but acceptance by the abutting owners is a sufficient acceptance on the part of the public. (*Evans* v. *Blankenship* (Ariz.), 39 Pac. 812.)

The occupancy of a portion of a street by a cheap wooden structure cannot confer rights against the city, no matter how long continued. (*Cheek* v. *Aurora*, 92 Ind. 107; *Brooks* v.

*Riding,* 46 Ind. 15; *McClelland* v. *Miller,* 28 Ohio St. 488; *Lane* v. *Kennedy,* 13 Ohio St. 42.)

Section 2600 of the Code of 1895, providing that all highways, roads, streets, *etc.,* then traveled or used by the public are public highways, was held to be a curative statute in *State* v. *Auchard,* 22 Mont. 14, 55 Pac. 361, and in *Montana Ore Purchasing Co.* v. *Butte etc. Min. Co.,* 25 Mont. 427, 65 Pac. 420.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This suit was instituted by Louis Kaufman against the city of Butte and its street commissioner, to obtain an injunction. The plaintiff alleges that he is the owner, in possession, and entitled to the possession, of a certain piece of land 80x100 feet in extent, described by metes and bounds with reference to the lots and blocks in Central addition to Butte; that he has upon the ground a frame building of the value of $200, which the defendants threaten to and, unless restrained, will remove. The joint answer denies plaintiff's title or right to the possession of the ground, but does not deny his actual possession. It is [1, 2] alleged that the ground constitutes a part of Oregon avenue, which is a public street of the city of Butte, and that for more than ten years it has been regularly laid out, dedicated and used as a public thoroughfare or street of the city. There is a denial of knowledge or information as to whether the plaintiff owns the building in dispute, and an admission that the defendants intended to remove it unless restrained by the court. The answer further alleges "that ever since September 4, 1888, the said tract constituted and was part of a public street of the said city of Butte, and ever since has remained and now is such." By way of an affirmative defense, the defendants undertake to plead a statutory dedication to the public use of the tract in dispute, as a part of Oregon avenue. The answer concludes with a prayer for an injunction restraining the plaintiff from asserting any claim to the ground or interfering with the city and its officers in their efforts to remove the building.

The reply is, in effect, a general denial of the affirmative allegations contained in the answer. Upon the trial, the defendants were required to assume the burden of showing that the city then had a better right to the use of the ground than the plaintiff in actual possession, and, in attempting to sustain the burden thus imposed, they introduced in evidence a plat of Central addition, upon which the ground in dispute is delineated as a part of Oregon avenue. It was made to appear that Warren, Noyes, and Upton owned the land comprising Central addition; that in 1888 they had the ground surveyed, a plat made and filed, upon which plat the streets, avenues, and alleys, including Oregon avenue and the ground in dispute, were shown. Evidence was also introduced tending to show the use actually made by the public of this portion of Oregon avenue now claimed by the plaintiff, and of sales of lots in Central addition abutting upon this portion of Oregon avenue and described in the deed with reference to the plat which had been filed by Warren, Noyes and Upton. The evidence further disclosed that the building claimed by plaintiff was moved to its present location about 1897 by a predecessor of plaintiff, who laid no claim to the ground upon which the building was located. The trial resulted in a general finding in favor of defendants, and a decree which follows substantially the prayer of the answer. The plaintiff has appealed from an order denying his motion for a new trial.

That the court correctly denied to plaintiff equitable relief is beyond controversy. Whether his complaint states a cause of action for an injunction is not very material. When in the course of the trial the evidence disclosed, as it did, that plaintiff had no title whatever to the ground in controversy, and that the building claimed by him was personal property, the value of which is easily determinable, in the absence of any facts pleaded disclosing that he will be injured beyond the value of the building in case it is removed, there was not any excuse for his invoking the aid of a court of equity. If the building is removed and he suffers by reason thereof, a court of law will

afford him complete relief by way of damages. (*Donovan* v. *McDevitt,* 36 Mont. 61, 92 Pac. 49; *Eisenhauer* v. *Quinn,* 36 Mont. 368, 122 Am. St. Rep. 370, 14 L. R. A. (n. s.) 435, 93 Pac. 38; *Wilson* v. *Harris,* 21 Mont. 374, 54 Pac. 46.)    The only question which plaintiff could thus present for adjudication was one with respect to which the defendants were entitled to a jury trial, and this was an added reason for refusing him equitable relief. (*City of Bozeman* v. *Bohart,* 42 Mont. 290, 112 Pac. 388.)

The only question involving any difficulty whatever is suggested by the inquiry: Did the trial court err in granting the defendants affirmative relief? In order to warrant the decree which was entered, the court must have found that the ground in controversy is a part of a public street of the city of Butte. It may be conceded that the original owners of Central addition did not comply substantially with the law in force in their attempt to make a statutory dedication of the streets, avenues, and alleys; but, nevertheless, the allegations of the answer referred to above, in the absence of a special demurrer, are sufficient to admit proof of a common-law dedication, if, indeed, evidence of such dedication was not admissible under the general denial; and, if the evidence is sufficient to show such dedication, the decree must stand.

The essential elements of a common-law dedication are (1) [3] the offer on the part of the owner evidencing his intention to dedicate, and (2) the acceptance on the part of the public. (*City of Los Angeles* v. *Kysor,* 125 Cal. 463, 58 Pac. 90; *John · Mouat Lumber Co.* v. *City of Denver,* 21 Colo. 1, 40 Pac. 237; 2 Lewis on Eminent Domain, sec. 492; 3 Dillon on Municipal Corporations, 5th ed., p. 1695; Elliott on Roads and Streets, sec. 123; 13 Cyc. 453, 461.) That the filing of the plat by Warren, Noyes and Upton, upon which Oregon avenue is shown [4] as a street, though insufficient to meet the requirements of the statute in force at that time, was a sufficient offer to the public of the ground thus marked as a street, and, in the absence of · any evidence to the contrary, indicated the intention of the

owners to dedicate that ground to the public for a highway, is the rule quite generally recognized by the authorities. (*City of Anaheim* v. *Langenberger,* 134 Cal. 608, 66 Pac. 855; *Owen* v. *Brookport,* 208 Ill. 35, 69 N. E. 952; *Keyport* v. *Freehold etc. Ry. Co.,* 74 N. J. L. 480, 65 Atl. 1035; Elliott on Roads and Streets, sec. 121; 3 Dillon on Municipal Corporations, 1079, 1090; 4 McQuillin on Municipal Corporations, 3246; 2 Lewis on Eminent Domain, sec. 492.)

The evidence upon the extent and character of the use made of this portion of Oregon avenue within the next few years following the filing of the plat is apparently somewhat uncertain as presented to the lower court, while, as revealed to us in the printed record, much of it is simply incomprehensible. **[5]** It appears that a map or plat was used upon the trial, to which the attention of the witnesses was directed; and, while their testimony was doubtless intelligible enough to the trial judge, who observed their actions in indicating the points made prominent in their testimony, it is meaningless to us, in the absence of the map and any indications in the record fixing the particular points emphasized. For example: A portion of the testimony given by the witness Henderson reads as follows: "It stood along in there (illustrating on map). This place here was an opening. Q. This place here is where it is marked 'barn' and east of there where your pencil was? A. Yes, sir; that was a driveway that the Butte Hardware graded out here to get teams up into this place. Q. Into this place, you say, Oregon avenue? A. I did not know that it was Oregon avenue, or I did not know that there was a street there, for that matter. Q. But that is where they had the driveway? A. Yes, sir; they come down along here, come down this street here, turn over here, there was a hill here, turn around here," etc. This method of presenting a record to the appellate court has been condemned so often and so vigorously that it is now inexcusable. (*Pope* v. *Alexander,* 36 Mont. 82, 92 Pac. 203, 565.)

In this character of action, the appellant has the burden of **[6]** showing that the evidence preponderates against the trial

court's findings (*Finlen* v. *Heinze,* 32 Mont. 354, 80 Pac. 918; *Delmoe* v. *Long,* 35 Mont. 139, 88 Pac. 778; *Kift* v. *Mason,* 42 Mont. 232, 112 Pac. 392; *Orton* v. *Bender,* 43 Mont. 263, 115 Pac. 406; *Winslow* v. *Dundom,* 46 Mont. 71, 125 Pac. 136; *Wright* v. *Brooks,* 47 Mont. 99, 130 Pac. 968) ; and in this instance he has failed (1) because he has not presented a record that can be understood in its entirety, and (2) because, in our opinion, the evidence, so far as it can be understood, is sufficient [7] to show such user of this portion of Oregon avenue by that part of the general public having occasion to use it, and such sale of lots with reference to the plat of Central addition on file, as constituted an acceptance and completed the common-law dedication long before any part of the avenue was occupied by the building now claimed by the plaintiff. We agree with [8] counsel for appellant that the acceptance must occur within a reasonable time after the offer is made, or, in this instance, after the plat was filed, and we refer particularly to the testimony of witnesses Henderson, Carman, and Carr to justify the conclusion that such acceptance as the law requires was had in this instance.

Our conclusion is that the ground in controversy became a part of a public street, and that the city acquired an interest in it superior to that attaching to the naked possession of plaintiff, based as it is upon a trespass by his predecessors in the ownership of the building. The fact that for a short time, probably fifteen months, a large portion of this strip of ground in controversy was inclosed by a corral fence, and that since 1897 this frame building has occupied a small portion of the same ground, cannot operate to devest the city of its right to control it as a part of one of its streets. The evidence shows conclusively that plaintiff's predecessors, who owned the building until within three or four years of the commencement of this suit, were not holding the ground upon which the building stands adversely to the city, and the fact, if it be a fact, that [9] the city officials negligently or wrongfully permitted the unlawful use of this portion of the street cannot defeat the right

of the public to its use for the purposes for which it was dedicated.    (Elliott on Roads and Streets, sec. 653.)

The order denying a new trial is affirmed.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

